

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA **08-3797**

NO. 02:07-cv-03597                                       SECTION: L (4)

**SECT. L  MAG. 1**

KIANNA WILLIAMS, GWENDOLYN HAWKINS, MICHAEL HAWKINS, LINDA
JOHNSON, ET AL

VERSUS

ENTERGY CORPORATION, ENTERGY NEW ORLEANS, INC.
AND LMN INSURANCE COMPANY

## FOURTH AMENDED COMPLAINT AND SEVERANCE

**NOW INTO COURT**, come Complainants, Kianna Williams, Gwendolyn Hawkins, Michael Hawkins, Linda Johnson, and all others similarly situated complainants in the above-styled and numbered case, through undersigned counsel, and amend the original complaint as follows, to wit:

1.

Pursuant to the court order, the class representatives who made class allegations against the defendants due to the tortuous conduct of Entergy Corporation, Entergy of New Orleans, Inc and LMN Insurance Company wish to amend and supplement the caption of the original complaint

**Kianna Williams, et al**

vs.

1

**Barriere Construction Company, LLC, et al**

to read as follows:

KIANNA WILLIAMS, GWENDOLYN HAWKINS, MICHAEL HAWKINS, LINDA JOHNSON, ET AL

VERSUS

ENTERGY CORPORATION, ENTERGY OF NEW ORLEANS, INC. AND LMN INSURANCE COMPANY

2.

Complainants pray the court retains the original docket number to this subpart and deems the amendment measures sufficient to distinguish this action from all others. Thus, it is sufficient to amend the original claim and sever this action from all others.

3.

Paragraph 1 of the original complaint is incorporated verbatim to this amended complaint.

4.

Paragraph 2 of the original complaint is incorporated verbatim to this amended complaint.

5.

Paragraph 3 of the original complaint is incorporated verbatim to this amended complaint.

6.

Paragraph 8 of the original complaint is amended to read as follows:

Defendant Entergy Corporation is a foreign corporation licensed to do business in the State of Louisiana and has a principal place of business located in Orleans Parish. Defendant Entergy Corporation is the parent company for Entergy New Orleans, Inc. Accordingly, Entergy Corporation is ultimately liable for the acts of negligence of Entergy New Orleans, Inc. whether by omission or commission.

**7.**

Paragraph 10 of the original complaint is amended to read as follows:

Defendant, Entergy New Orleans, Inc., is a subsidiary of Entergy Corporation and is authorized to do and is doing business in the Parish of Orleans. Entergy New Orleans, Inc. has done business in New Orleans for more than 75 years and serves approximately 190,000 electric and 150,000 gas customers in Orleans Parish. Entergy New Orleans, Inc. is the owner of numerous networks of underground pipelines through which natural gas flows to homes in Orleans Parish.

**8.**

Paragraph 14 of the original complaint is amended to read that:

Entergy Corporation and/or Entergy New Orleans, engaged in the excavation project to fully reconstruct North Dorgenois Street extending from Elysian Fields to St. Bernard Ave. The negligent digging and the lack of preventative measure by Entergy Corporation and/or Entergy New Orleans, caused gas line ruptures and explosions with gas leaks into broad areas of the Central City community with harmful effects cast upon the petitioner residents.

On or about January 1 through 15, 2004 Entergy Corporation and/or Entergy New Orleans hired contractors to fully reconstruct St. Ferdinand and N. Villere Streets. The negligent digging by these contractors, and the negligent oversight and lack of preventative measure by Entergy Corporation and/or Entergy New Orleans, caused gas line ruptures and explosions with gas leaks into broad areas of the Central City community with harmful effects cast upon the petitioner residents.

On or about February 2, 2004 Entergy Corporation and/or Entergy New Orleans hired contractors to fully reconstruct the corner of Conti and Almonaster Streets. The negligent

digging by these contractors, and the negligent oversight and lack of preventative measure by Entergy Corporation and/or Entergy New Orleans, caused gas line ruptures and explosions with gas leaks into broad areas of the community with harmful effects cast upon the petitioner residents.

**9.**

Paragraph 15 of the original complaint is incorporated verbatim to this amended complaint.

**10.**

Paragraph 16 of the original complaint is incorporated verbatim to this amended complaint.

**11.**

Paragraph 17 of the original complaint is incorporated verbatim to this amended complaint.

**12.**

Paragraph 18 of the original complaint is incorporated verbatim to this amended complaint.

**13.**

Paragraph 19 of the original complaint is incorporated verbatim to this amended complaint.

**14.**

Paragraph 20 of the original complaint is amended to read as follows:

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish. Entergy Corporation and/or Entergy New Orleans Inc. contracted with various agents for massive street excavation projects to take place in the 7th, 8th and 9th wards in Orleans Parish where Entergy New Orleans, Inc. had laid many of its underground gas pipelines. Entergy has control over all natural gas operations in the city, thus it was still responsible for overseeing their agents. These excavations took place at North Dorgenois Street extending from Elysian field to St. Bernard Avenue, around the intersection of Annette Street and intersections

4

of Frenchmen and St. Anthony streets on about the same time period. Entergy was negligent in not providing proper locator service for its underground pipelines for the diggers. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish from January 1 through 15, 2004 at Ferdinand and N. Villere Streets. Entergy failed to properly inform the digging contractors of the whereabouts of the gas pipelines. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish on February 2, 2004 at the corner of Conti and Almonaster Streets. Entergy failed to properly inform the digging contractors of the whereabouts of the gas pipelines. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish. Entergy failed to properly inform the digging contractors of the whereabouts of the gas pipelines. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

**15.**

Paragraph 24 of the original complaint is amended to read as follows:

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the parent corporation of Entergy New Orleans, Inc. and is liable for failing to supervise Entergy New Orleans, Inc. Defendant, Entergy Corporation, stood by and did nothing to prevent Entergy New Orleans, Inc. from failing to provide proper locator services for its underground natural gas pipelines when a large scale street excavation project was launched in Orleans Parish on the referenced dates and beyond. Because of Entergy Corporation's failure to supervise Entergy New Orleans, Inc. the excavators ruptured many buried natural gas pipelines in Orleans Parish causing numerous residents to become ill from gas inhalation and suffer severe mental distress, fear and mental anguish.

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish on January 1 through 15, 2004. Entergy failed to properly inform the digging contractors of the whereabouts of the gas pipelines. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish. Entergy failed to properly inform the digging contractors of the whereabouts of the gas pipelines. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the parent corporation of Entergy New Orleans, Inc. and is liable for failing to

supervise Entergy New Orleans, Inc. Defendant, Entergy Corporation, stood by and did nothing to prevent Entergy New Orleans, Inc. from failing to provide proper locator services for its underground natural gas pipelines when a large scale street excavation project was launched in Orleans Parish on February 2, 2004. Because of Entergy Corporation's failure to supervise Entergy New Orleans, Inc. the excavators ruptured many buried natural gas pipelines in Orleans Parish causing numerous residents to become ill from gas inhalation and suffer severe mental distress, fear and mental anguish.

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish. Entergy failed to properly inform the digging contractors of the whereabouts of the gas pipelines. Consequently, the diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives.

**16.**

Paragraph 24 of the original complaint is amended to read as follows:

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discovery and at trial, complainants will bring to light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated to the series of near disasters that repeatedly occurred in the same general areas of New Orleans on referenced dates and others to be known.

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discovery and at trial, complainants will bring to

7

light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated to the series of near disasters that repeatedly occurred in the same general areas of New Orleans on January 1 through 15, 2004.

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discovery and at trial, complainants will bring to light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated to the series of near disasters that repeatedly occurred in the same general areas of New Orleans on.

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discovery and at trial, complainants will bring to light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated to the series of near disasters that repeatedly occurred in the same general areas of New Orleans on February 2, 2004.

Defendant, Entergy Corporation, upon complainants' information and belief is liable unto complainants as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discovery and at trial, complainants will bring to light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated to the series of near disasters that repeatedly occurred in the same general areas of New Orleans.

**17.**

Paragraph 25 of the original complaint is amended to read as follows:

Upon information and belief, complainants hold Entergy New Orleans, Inc. liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to complainants by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish on the referenced dates and dates yet to be known. Also, Entergy New Orleans failed to take precautionary surveillance of digging sites when it had knowledge of massive excavation of streets in New Orleans on the referenced dates and dates yet to be known. The underground natural gas pipelines belonged to Entergy of New Orleans. Entergy was negligent in not taking preventative action along the digging sites. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the complainants will be convincingly brought to light at trial.

Upon information and belief, complainants hold Entergy New Orleans, Inc. liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to complainants by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish from January 1, through 15, 2004. Also, Entergy New Orleans failed to take precautionary surveillance of digging sites when it had knowledge of massive excavation of streets in New Orleans on January 1 through 15, 2004. The underground natural gas pipelines belonged to Entergy of New Orleans. Entergy was negligent in not taking preventative action along the digging sites. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the complainants will be convincingly brought to light at trial.

Upon information and belief, complainants hold Entergy New Orleans, Inc. liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to complainants by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish. Also, Entergy New Orleans failed to take precautionary surveillance of digging sites when it had knowledge of massive excavation of streets in New Orleans. The underground natural gas pipelines belonged to Entergy of New Orleans. Entergy was negligent in not taking preventative action along the digging sites. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the complainants will be convincingly brought to light at trial.

Upon information and belief, complainants hold Entergy New Orleans, Inc. liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to complainants by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish on February 2, 2004. Also, Entergy New Orleans failed to take precautionary surveillance of digging sites when it had knowledge of massive excavation of streets in New Orleans on February 2, 2004. The underground natural gas pipelines belonged to Entergy of New Orleans. Entergy was negligent in not taking preventative action along the digging sites. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the complainants will be convincingly brought to light at trial.

Upon information and belief, complainants hold Entergy New Orleans, Inc. liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to complainants by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish. Also, Entergy New Orleans failed to take precautionary surveillance of digging sites when it had knowledge of massive excavation of streets in New Orleans. The underground natural gas pipelines belonged to Entergy of New Orleans. Entergy was negligent in not taking preventative action along the digging sites. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the complainants will be convincingly brought to light at trial.

**18.**

Paragraph 32 of the original complaint is incorporated verbatim to this amended complaint.

**19.**

Paragraph 33 is amended to read as follows:

This is a class action brought pursuant to La. C.C.P. art. 591, *et seq.*, on behalf of all persons or entities who or which sustained direct and/or consequential injuries and damages as a result of the massive gas release on January 1 through 15, 2004 and February 2, 2004 in New Orleans.

**20.**

Paragraph 34 is amended to read as follows:

The class proposed to be certified is defined as follows:

(1) All persons suffering injury as a result of the gas release on January 1-15, 2004 and February 2, 2004 in Orleans Parish;

(2) All persons suffering mental anguish, fright and fear for their lives and those coming upon immediate family members overcome by the chemical exposure on January 1-15, 2004 and February 2, 2004 and beyond by said gas releases herein referred to.

### 21.

Paragraph 35 of the original complaint is incorporated verbatim to this amended complaint.

### 22.

Paragraph 36 of the original complaint is incorporated verbatim to this amended complaint.

### 23.

Paragraph 37 of the original complaint is incorporated verbatim to this amended complaint.

### 24.

Paragraph 38 of the original complaint is incorporated verbatim to this amended complaint.

### 25.

Paragraph 39 of the original complaint is incorporated verbatim to this amended complaint.

### 26.

Paragraph 40 of the original complaint is incorporated verbatim to this amended complaint.

### 27.

Paragraph 41 of the original complaint is incorporated verbatim to this amended complaint.

### 28.

Paragraph 42 of the original complaint is incorporated verbatim to this amended complaint.

### 29.

Paragraph 43 of the original complaint is incorporated verbatim to this amended complaint.

**30.**

Paragraph 44 of the original complaint is incorporated verbatim to this amended complaint.

**31.**

Paragraph 45 of the original complaint is incorporated verbatim to this amended complaint.

**32.**

Paragraph 46 of the original complaint is incorporated verbatim to this amended complaint.

**33.**

Paragraph 47 of the original complaint is incorporated verbatim to this amended complaint.

**34.**

Paragraph 48 of the original complaint is incorporated verbatim to this amended complaint.

**35.**

Paragraph 49 of the original complaint is incorporated verbatim to this amended complaint.

**36.**

Paragraph 50 is amended to read as follows:

Until a more precise determination is made of the geographical area affected by the instant ruptures/explosions and subsequent gas leaks and emissions, complainants allege that the class consists of all persons located or residing in the Parish of Orleans and/or within a five mile radius of the incident locations, those who sustained personal, mental, economic damages and/or inconvenience as a result of the instant gas line ruptures/explosions and subsequent gas leaks and emissions which occurred on or about the referenced dates and beyond.

The diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to needlessly release into the atmosphere making numerous residents ill and fear for their lives. The massive emissions of gas into the community sent

hundred s of complainants to seek medical attention for a range of ailments including, but not limited to headaches, sinus trouble, chest pains, respiratory and breathing difficulties, hyperventilation, and other physical injuries to be proven at trial. Some nearby residents found themselves overcome with vomiting, shortness of breath, uncontrollable nausea, dizziness and lightheadedness, eye irritations, and other medical complications. Some residents came down with violent diarrhea.

**WHEREFORE**, complainants pray that the Amended complaint be deemed sufficient to state a cause of action against Defendants, Entergy Corporation and Entergy New Orleans, Inc. Complainants pray that the defendants be duly served with a copy of this amended and severed complaint and be cited to appear and answer same; that after service upon defendants, that this action be certified as a class action pursuant to the provisions of La. C.C.P. Art. 591, *et seq.*, in the respects alleged hereinabove, for the purposes of determining the common issues of liability for compensatory damages and the basis for assessment of damages, and that, upon certification of the class action, the Court call for a formulation of a suitable management plan pursuant to La. C.C.P. Art. 593(C); that, after due proceedings, there be judgment in this matter in favor of the complainants and against the defendants named herein, declaring that said defendants are liable to the complainants and all class members for damages resulting from the toxic gas exposure of January 1 through 15, 2004 and February 2, 2004 which damages may be assessed against the defendants held liable therefore in this proceeding; that the rights of the complainants and the members of the class to establish their entitlement to damages, and the amounts thereof, be reserved for determination in their individual actions when appropriate; that the complainants recover their costs for the prosecution of this class action; complainants respectfully request that an order be entered ninety (90) days following reasonable service of this complaint upon

defendants allowing this case to be certified as a class action as set forth above, and further, that the Court enter such other and supplemental orders as may be necessary and proper under the premises; complainants respectfully pray that this Court immediately appoint an Interim Plaintiff Steering Committee to represent the interests of the complainants herein and to actively participate in connection with the investigation of these disasters in order to insure that all class members are properly represented, that all pertinent evidence is preserved and that all necessary actions are taken to advance the interests of the members of the class. Complainants further pray that after due proceedings be had there be judgment herein in favor of complainants and against the defendants, in such amount of damages as is reasonable in the premises, plus all costs, interest from the date of judicial demand until paid, and attorneys' fees, and for all general and equitable relief.

Further, because the gas pipeline ruptures involved release of toxins and/or hazardous materials, complainants also pray for punitive damages to be imposed upon defendants from date of judicial demand with interest until paid.

Respectfully Submitted,
LAW OFFICES OF PIUS A. OBIOHA & ASSOCIATES, LLC

*Pius Obioha*
Pius A. Obioha, Esq. Bar#: 25810
1550 N. Broad St.
New Orleans, LA 70119
Telephone: (504) 265-0437
Fax: (504) 265-0440

**PLEASE SERVE:**

1. **ENTERGY CORPORATION**
   Through its registered agent
   **Marcus V. Brown**
   639 Loyola Ave., 26th Fl.
   New Orleans, LA 70113

2. **ENTERGY NEW ORLEANS, INC**
   Through its registered agent
   **Marcus V. Brown**
   639 Loyola Ave., 26th Fl.
   New Orleans, LA 70113

3. **LMN INSURANCE COMPANY**
   (Please hold service)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NO: 02:07-cv-03597                                    SECTION: L (4)

KIANNA WILLIAMS, GWENDOLYN HAWKINS, MICHAEL HAWKINS, LINDA JOHNSON ET AL

VERSUS

ENTERGY CORPORATION, ENTERGY NEW ORLEANS, INC.
AND LMN INSURANCE COMPANY

---

## ORDER

Considering the foregoing motion:

**IT IS ORDERED** that the amendment be accepted into the records and the captioned case be severed and distinguished from all others.

New Orleans, Louisiana, this _____ day of _____, 2008.

_____
**US DISTRICT COURT JUDGE**